Case 4:26-cv-00989   Document 4   Filed 03/03/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO HERNANDEZ JULIA, | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-00989 |
| GRANT DICKEY, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Lius Alejandro Hernandez Julia, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

While this case was pending, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

The petition reflects that Petitioner is a noncitizen who entered the United States in 2022, was detained by ICE on January 29, 2026, and is being held without a bond hearing under 8 U.S.C. § 1225. *See* Doc. No. 1 at 3-4. Petitioner contends that, because he was already present in the United States at the time of his arrest, he was not "seeking admission" and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond. *Id.* at 5. He argues that he has been miscategorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by *Buenrostro-Mendez, supra*. Likewise, his Fourth Amendment claim that he is being held contrary to statutory authority fails because it rests on his assertion that he is being detained under section 1226(a), but that, in turn, is based on an interpretation of sections 1225 and 1226 that the Fifth Circuit rejected in *Buenrostro-Mendez*. He pleads no facts to show that his detention is contrary to law or that he has been admitted into this country legally after inspection.

In addition, Petitioner's Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

SIGNED on this ___3rd___ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE